**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **COLTON SUMMERS,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) CAUSE NO:<br>) |
| **CITY OF KOKOMO, KOKOMO POLICE DEPARTMENT and DOUGLAS STOUT, CHIEF OF POLICE DEPARTMENT in his individual capacity,** | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. NATURE OF THE ACTION

1. Plaintiff, Colton Summers ("Plaintiff"), by and through counsel, brings this action against Defendants, the City of Kokomo ("Kokomo"), the Kokomo Police Department ("Kokomo PD") and Douglas Stout, Chief of Police for the City of Kokomo, ("Chief Stout") (collectively "Defendants"), pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that Defendants violated his rights as protected by the First Amendment of the United States Constitution.

### II. PARTIES

2. At all times relevant to this litigation, Plaintiff resided within the geographical boundaries of the Southern District of Indiana.

3. The City of Kokomo is a governmental entity located in the Southern District of Indiana.

4. Kokomo Police Department is a governmental entity located in the Southern District of Indiana.

5. Chief Stout was appointed and to serve as the Chief of Police of the Kokomo Police Department. Chief Stout performs administrative and ministerial duties on behalf of the police department within the Southern District of Indiana at all times relevant to this action.

### III.   JURISDICTION AND VENUE

6. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 1983.

7. The City of Kokomo, Kokomo PD, and Chief Stout are "persons" within the meaning of 42 U.S.C. § 1983.

8. Defendants, acting pursuant to a policy, practice, and/or custom, violated Plaintiff's rights as protected by the First Amendment of the United States Constitution.

9. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties located therein. Therefore, venue is proper in this Court pursuant to 42 U.S.C. § 1391.

### IV.   FACTUAL ALLEGATIONS

10. Plaintiff was hired by the City of Kokomo in or about 2012 as a seasonal worker.

11. In or about July 2014, Plaintiff was converted to a full-time employee.

12. He currently works as a Heavy Equipment operator in the Street department for the City of Kokomo.

13. Plaintiff's father, Kevin Summers, was a police officer employed by Kokomo PD as well as a city council member.

14. In or around 2015, Plaintiff began his application for the Kokomo PD. Around that time, Rich Benzinger told another police officer at the Kokomo PD that they did not need "another Summers" in the department.

15. In or about 2019, Plaintiff's father retired from the police force and resigned from the city council before running for Mayor. Kevin Summers was unsuccessful in his run against Tyler O. Moore.

16. In order to become a Kokomo PD police officer, Plaintiff must apply and successfully pass a physical exam. Upon completion of both, he must also pass a written exam, background check, interview with the Captain, and a polygraph test. If successful, he would then receive a conditional offer to join the police force pending a medical and psychological evaluation.

17. In or about April 2020, Plaintiff attempted to test for a spot on the Kokomo PD hiring list.

18. Approximately one month later, in or about May 2020, Chief Stout informed Plaintiff that he would not be permitted to test for any openings because he would be considered a *Brady* officer.

19. Shortly after, in or about June 2020, Chief Stout and Mayor Moore told Plaintiff that he would not be considered for a police officer position because of the impact it would have on department morale.

20. Chief Stout had been appointed to his position for the Kokomo PD by Mayor Moore.

21. In or about March 2021, Plaintiff successfully tested for an open position on the department's hiring list.

22. In or about May 2021, Plaintiff was informed that he was no longer being considered for the position because he had allegedly falsified his application.

23. Plaintiff had not falsified his application.

## V. LEGAL ALLEGATIONS

### VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

24. Plaintiff hereby incorporates paragraphs one (1) through twenty-three (23) of his Complaint as if the same were set forth at length herein.

25. Defendants violated Plaintiff's free speech and political affiliation rights as protected by the First Amendment of the United States by refusing to allow Plaintiff a chance to go through the application process for becoming a police officer due to his political affiliation and activities.

26. Defendants' actions were intentional, willful, and in reckless disregard of Plaintiff's clearly established rights as protected by the First Amendment.

27. Plaintiff has suffered damages as a result of Defendants' unlawful actions.

## VI. REQUESTED RELIEF

**WHEREFORE**, Plaintiff, Colton Summers, respectfully requests that this Court enter judgment in his favor and award the following relief:

1) Enter a declaratory judgment holding that Defendants' actions violated Plaintiff's rights as protected by the First Amendment of the United States Constitution;

2) Enjoin Defendants from threatened, continuing, and future violations of Plaintiff's rights as protected by the First Amendment of the United States Constitution;

3) Order that Plaintiff be permitted to apply for and go through the application process required to be considered for a police officer position or front pay in lieu thereof;

4) Order that Defendants pay compensatory, consequential, and emotional distress damages to Plaintiff;

5) Order Chief Stout to pay punitive damages to Plaintiff;

6) Order Defendants to pay all attorney's fees and costs incurred as a result of bringing this action;

7) Order Defendants to pay pre- and post-judgment interest on all sums recoverable to Plaintiff; and,

8) Order Defendant to provide any and all other legal and/or equitable relief to Plaintiff that this Court sees fit to grant.

Respectfully submitted,

*/s/ Diana Kozlova*
Andrew Dutkanych
Diana Kozlova
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991-4765
Facsimile:   (812) 424-1005
Email:       ad@bdlegal.com
Email:       dkozlova@bdlegal.com

*Counsel for Plaintiff, Colton Summers*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Colton Summers, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

*/s/ Diana Kozlova*
Andrew Dutkanych
Diana Kozlova
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
Email: dkozlova@bdlegal.com

*Counsel for Plaintiff, Colton Summers*